# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KEVIN DEWAYNE MCCOY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:12-cv-02975-STA-cgc |
| DELORES STEPHENS, | ) |
| Respondent. | ) |

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
## DENYING PETITION PURSUANT TO 28 U.S.C. 2241
## CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND
## DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the Petition for Writ of Habeas Corpus by a Person in Federal Custody ("§ 2241 Petition"), filed by Petitioner, Kevin Dewayne McCoy, Bureau of Prisons ("BOP") inmate registration number 14235-042, an inmate at the Federal Prison Camp in Millington, Tennessee ("FPC Millington") (ECF No. 1) and the Motion to Dismiss filed by Respondent, FPC Millington Warden Delores Stephens (ECF No. 8). For the reasons stated below, the Court GRANTS the Motion to Dismiss and DENIES the § 2241 Petition.

## I. BACKGROUND

On April 2, 2009, Petitioner McCoy was arrested by the Horn Lake Police Department, Horn Lake, Mississippi for Improper Equipment, License Tag Switched, No Liability Insurance and Felony Possession of Controlled Substance in case numbers: 044657, 044658, 044659 and F2009-00040. (Declaration of Bryan Erickson, dated May 4, 2012 ("Erickson Decl."), ¶ 3 & Att.

A, ECF No. 8-1 at PageID 36-37, 44-45.)[1] On April 3, 2009, Petitioner was released on bond. (*Id.*) On August 25, 2009, the charges were Nolle Prosequi. (*Id.*)

On June 3, 2009, Petitioner was arrested by Crittenden County, Arkansas authorities for violating the conditions of his probation in Case number CR-2003-409A. (Erickson Decl. ¶ 4, ECF No. 8-1 at PageID 37.) On August 6, 2009, Petitioner appeared in the Crittenden County Circuit Court, pursuant to a summons for violating the conditions of his probation in case number CR-2003-409A, and was detained. (*Id.* ¶ 5.) On August 7, 2009, Petitioner's probation was revoked and he was sentenced to a ten year term of imprisonment in case number CR-2003-409A. (*Id.* ¶ 6 & Att. B.) On November 24, 2009, Petitioner was transferred to the Arkansas Department of Corrections to continue service of his ten year term of imprisonment. (*Id.* ¶ 7.) The Arkansas Department of Corrections sentence computation began Petitioner's ten year sentence on August 7, 2009, the date probation was revoked, with no prior custody credit. (*Id.* ¶ 7.)

On March 8, 2010, while Petitioner was in state custody, he was "borrowed" pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the state of Arkansas. (*Id.* ¶ 8 & Att. C.) On May 19, 2010, Petitioner was indicted in the United States District Court for the Northern District of Mississippi, in case number 2:09CR00126-001, for Possession with Intent to Distribute Cocaine and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). (*Id.* ¶ 9.) At a hearing on November 4, 2010, United States District Judge Michael Mills sentenced Petitioner to a term of imprisonment of eighty-one months, to be followed by a three-year period of supervised release.

---

[1]Because the § 2241 Petition does not clearly state the facts, the Court has adopted the statement of material facts submitted by Respondent in the Motion to Dismiss, to which Petitioner has raised no objection. The Court has verified that the factual statements are supported by the evidence submitted.

(Id. ¶ 10 & Att. D, Judgment, PageID 55-61 .) Judgment was entered on November 5, 2010. (*Id.*) The judgment stated that Petitioner's federal sentence should "run concurrently to any previously imposed state sentence." (*Id.* at PageID 56.)

On January 19, 2011, pursuant to the terms of the writ, McCoy was returned to the custody of the Arkansas Department of Corrections to complete his sentence for violating the terms of his state probation. (Erickson Decl. ¶ 11 & Att. C, ECF No. 8-1 at PageID 38, 52-53.) On December 6, 2011, McCoy completed his state sentence and was paroled to federal custody to serve the sentence imposed in the Northern District of Mississippi. (*Id.* ¶ 12 & Att. E at PageID 63-66.)

The BOP computed Petitioner's federal sentence to commence on November 4, 2010, the date his federal sentence was imposed. (*Id.* ¶ & Att. H at PageID 80-82.) Petitioner was credited with five days of jail credit for the time he spent in official detention on or after the date of the federal offense that was not credited toward any other sentence. (*Id.*) The dates of this credit are from April 2 through April 3, 2009, from June 3 through June 4, 2009, and August 6, 2009. (*Id.*) McCoy's projected release date is September 15, 2016, via good conduct time release, if he receives all good conduct time projected. (Att. H, ECF No. 8-1 at PageID 82.)

Petitioner has not filed any administrative remedies concerning the computation of his sentence during his designation to the BOP. (Declaration of Howard Williams, dated Nov. 19, 2013 ("Williams Decl."), ¶¶ 4-5, ECF No. 8-2 at PageID 87-88.)

## II.     Case No. 12-2975

On November 7, 2012, McCoy filed his *pro se* § 2241 Petition. (ECF No. 1.) On December 3, 2012, he paid the habeas filing fee. (ECF No. 2.) The sole issue presented in the § 2241 Petition is whether Petitioner should receive additional prior custody credit. (ECF No. 1 at

PageID 2.) Petitioner relies on his district court judgment which states that his federal sentence was to run concurrently with any previously imposed state sentence. (*Id.* at PageID 3.)

The Court issued an order on October 24, 2013, directing Respondent to file a response to the § 2241 Petition. (ECF No. 5.) On November 20, 2013, Respondent filed her Motion to Dismiss. (ECF No. 8.) Petitioner has not responded to the Motion to Dismiss.

### III. ANALYSIS OF PETITIONER'S CLAIM

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition after the inmate has exhausted his administrative remedies with the BOP. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). In this case the BOP has waived the defense that Petitioner McCoy failed to exhaust his administrative remedies and seeks dismissal of the petition for lack of merit.

Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

4

>   *that has not been credited against another sentence*.

*Id.* (emphasis added). A straightforward reading of this statute defeats McCoy's claim that he is entitled to additional custody credit.

Discussing 18 U.S.C. § 3585(b), the Supreme Court has stated: "Congress has made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Thus, in applying this provision, federal courts in the Sixth Circuit have consistently confirmed that it prohibits awarding any credit toward a federal sentence for time already credited toward a state sentence while the prisoner was in primary, state custody. *See, e.g.*, *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because [he] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence."); *Nguyen v. Department of Justice*, 173 F.3d 429 (6th Cir. 1999) (unpublished tabledecision) ("If [he] was to be credited for this time against his federal sentence, he would be receiving improper double credit."); *Garrett v. Snyder*, 41 F. App'x 756 (6th Cir. 2002) (same); *Huffman v. Perez*, 230 F.3d 1358 at 2 (6th Cir. 2000) (same). Consequently, it is clear that § 3585(b) prohibits awarding dual credit toward a federal sentence.

McCoy was in the primary custody of the State of Arkansas during the period in question, and he received credit toward his state sentence for the entire time. McCoy's federal sentence did not commence until the date he was sentenced. Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences on the date the defendant is received in federal custody to begin service of the federal sentence. Logically, a federal sentence cannot begin to run any earlier than the date on which it was imposed. *See, e.g.*, *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *Rashid v. Quintana*, 372 F. App'x 260, 262 (3rd Cir. 2010); *Demartino v. Thompson*, 116 F.3d

1489 (10th Cir. 1997) (unpublished table decision); *Harris v. Bureau of Prisons*, No. 10–447, 2011 WL 1237932 at *4 (W.D. Pa. 2011) (collecting cases).

In this case, McCoy was sentenced by the Northern District of Mississippi on November 4, 2010, and that sentence was ordered to run concurrently with his previously imposed state sentence. Before November 4, 2010, Petitioner was not serving any other federal sentence, nor was he being held on any other federal charges. (Att. A-C, ECF No. 8-1 at PageID 45-53.) In order to comply with the Mississippi District Court's directive that McCoy's federal sentence run concurrently with his Arkansas state sentence, the BOP designated the Arkansas facility where McCoy was serving his state sentence for the service of McCoy's federal sentence, while he was still under the primary custody of Arkansas. (Att. G, ECF No. 8-1 at PageID 76-78.) This designation by the BOP allowed McCoy's federal sentence to commence while he was still in state custody, as contemplated by 18 U.S.C. § 3621(b). *See Barden v. Keohane*, 921 F.2d 476, 483 (3rd Cir. 1991).

To reiterate, the earliest date a federal sentence can "commence" is the date on which it was imposed. Moreover, "[t]o give due effect to this statutory provision, even when a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the undischarged portion of the prior state conviction." *Blecher v. Cauley*, 0:08–132–HRW; 2009 WL 464932 at *2 (E.D. Ky. 2009) (citing *United States v. Tackles*, 62 F. App'x 900, 902 (9th Cir. 2003); *Bianco v. Minor*, 303CV0913, 2003 WL 21715347 (M.D. Pa. 2003)). Thus, while the BOP may make a *nunc pro tunc* designation of a state facility—which would allow the federal sentence to begin running concurrently with a state sentence that is being served—the federal sentence cannot start any

earlier than the date on which it was imposed. McCoy's request is inconsistent with the federal sentencing statutes and is improper. *See Blecher*, *supra*, 2009 WL 464932 at *2.

McCoy received a *nunc pro tunc* review and received the benefit of the earliest possible commencement date for his federal sentence—the date which it was imposed. Under the circumstances, 18 U.S.C. § 3585 precludes him from receiving any additional credit. McCoy has already received all the appropriate prior custody credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). As the court explained in *Willis*, an inmate is not entitled to credit for the time spent actually serving the state sentence when the state sentence is unrelated to the federal charge. *Willis*, 438 F.2d at 925.

In summary, McCoy was in the primary jurisdiction of the State of Arkansas on the date his federal sentence was imposed, and he received credit toward his state sentence for all the time prior to his federal sentence being imposed. Based on the federal sentencing court's request, the BOP did designate his Arkansas facility for service of his federal sentence; however, pursuant to federal statute, that designation could only relate back to the date that his federal sentence was imposed—i.e., November 4, 2010. Therefore, McCoy has received all the credit to which he was entitled under *Willis*. To allow McCoy credit for the period of time he requests would be to allow improper double credit for his custody time. The federal sentence has been properly computed by the BOP.

McCoy is not entitled to double credit for both his state and federal sentences prior to the date of the imposition of the November 4, 2010 concurrent federal sentence. McCoy's federal sentence was properly computed. He has been awarded all of the presentence custody credits to which he is entitled, including *Willis* credits. The Court GRANTS Respondent's Motion to Dismiss and DENIES the § 2241 Petition. Judgment shall be entered for Respondent.

## IV. APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

---

[2]If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a

IT IS SO ORDERED this 26th day of September, 2014.


s/ S. Thomas Anderson
S. THOMAS ANDERSON
United States District Judge

---

motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.